# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

**Civil Action No.:**

**JAMES BUCHANAN**

    **Plaintiff,**

**v.**

**ROYAL OAK FINANCIAL SERVICES INC., dba CRB,**

    **Defendant**

## COMPLAINT AND JURY DEMAND

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## VENUE

3. Venue is proper in this District.

4. The acts and transactions occurred in this District.

5. The Plaintiff resides in this District.

6. The Defendant transacts business in this Judicial District.

## PARTIES

7. Plaintiff James Buchanan is a natural person who resides in the Town of Longmont, County of Boulder, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant ROYAL OAK FINANCIAL SERVICES INC., dba CRB (hereinafter "Defendant") is a Foreign Corporation operating from an address of 6412 River Crossings, Sylvania, OH 43560 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. The Defendant is registered with the Colorado Attorney General as a debt collector.

## FACTUAL ALLEGATIONS

### FDCPA

10. On or about August 10, 2011, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5). The alleged debt that the Defendant is attempting to collect upon stems from a fee for an online dating service www.adultcrowd.com membership.

11. On or about August 11, 2011, Plaintiff cancelled the membership with the original creditor.

12. On or about August 13, 2011, the original creditor then sent the Plaintiff correspondence advising they had received his cancellation and his card would not be charged further.

13. However the Plaintiff was again charged on the next billing cycle.

14. The Plaintiff disputed the charge with his credit card company, providing the relevant evidence, and the dispute was upheld and the charges reversed. (See Exhibit 1-Credit Card Support regarding dispute.)

15. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff.

16. On or about September 8, 2011 the Plaintiff received a threatening phone call from Raquel Kline calling from the number 419-517-0061.

17. When the Plaintiff asked what the call was regarding he was told by Ms. Kline that it involved "Adult Crowd." The Plaintiff indicated that he felt it was a scam to which Ms. Kline told the Plaintiff I am sending you to collections and hung-up.

18. Ms. Kline failed to provide the mini-Miranda warning in violation of 15 U.S.C. §1692e(11).

19. On or about September 9, 2011 a letter regarding collection of the alleged debt was sent to the Plaintiff.

20. Then on or about September 15, 2011 the Plaintiff sent a written Debt Validation Demand, dispute and request that debt collection be ceased to the Defendant by certified mail.

21. Said letter was received by the Defendant on September 22, 2011. (See Exhibit 2- Return Receipt).

22. To date the Plaintiff has not received validation from the Defendant.

23. After requesting validation from the Defendant they again attempted to collect the fraudulent debt by sending another collection letter to the Plaintiff on October 4, 2011.

24. Such conduct by the Defendant violates the prohibitions of 15 U.S.C. § 1692c(c) §1692f(1). and § 1692g(b)

25. The Defendant never provided to the Plaintiff a 30 day debt validation notice, in violation of 15 U.S.C. §1692g.

### *Respondeat Superior Liability*

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The acts and omissions of the individual collector, as an agent employed by Defendant, who communicated with Plaintiff as further described herein, was committed within the time and space limits of the agency relationship with his principal, Defendant.

28. The acts and omissions by this individual employee was incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by Defendant in collecting consumer debts.

29. By committing these acts and omissions against Plaintiff, this individual collector was motivated to benefit her principal, Defendant.

30. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Colorado law, in their attempts to collect this debt from Plaintiff.

## CAUSES OF ACTION

## COUNT I.

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. § 1692 et seq.

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

33. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## TRIAL BY JURY

34. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- For such other and further relief as may be just and proper.

RESPECTFULLY SUBMITTED:

s/Jill Gookin
Gookin, Krenning and Associates, LLC
501 N. Cleveland Avenue
Loveland, CO 80537
(970) 292-8290
(888) 465-8045 FAX
Email: jill@gkalaw.com

s/Troy D. Krenning
Gookin, Krenning and Associates, LLC
501 N. Cleveland Avenue
Loveland, CO 80537
(970) 292-8290
(888) 465-8045 FAX
Email: troy@gkalaw.com