IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-03067-WJM-BNB

JAMES BUCHANAN,

Plaintiff,

v.

ROYAL OAK FINANCIAL SERVICES INC., d/b/a CRB,

Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on plaintiff's **Motion for Default Judgment of Defendant** [Doc. # 13,

filed 1/18/2012] (the "Motion for Default Judgment").  I respectfully RECOMMEND that it be

GRANTED and that judgment enter in favor of the plaintiff and against the defendant in the

amount of $3,437.50, plus costs.

In order to obtain a judgment by default, a party must follow the two-step process

described in Fed. R. Civ. P. 55.  First, he must obtain an entry of default from the Clerk of the

Court under Rule 55(a); then, after default has been entered, he must seek default judgment

pursuant to Rule 55(b).

Rule 55(a), Fed. R. Civ. P., allows a default to enter against a party when it "has failed to

plead or otherwise defend, and that failure is shown by affidavit or otherwise. . . ."  Here, the

action was commenced by the filing of a Complaint [Doc. # 1] on November 23, 2011.  A return

of service was filed on December 5, 2011 [Doc. # 3], establishing that the defendant was served

through its registered agent with a summons and the Complaint on December 1, 2011.  The

defendant failed to answer or otherwise respond to the Complaint within the time allowed, and has never filed a response of any kind.  Consequently, on January 12, 2012, the plaintiff obtained an Entry of Default [Doc. # 12] from the Clerk of the Court.

"Once the default has been established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief."  10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2688 at p. 63; accord Olcott v. Delaware Flood Co., 327 F.3d 1115, 1125 n. 11 (10th Cir. 2003)(stating that "[a]fter an entry of default, a defendant cannot defend a claim on the merits").  In addition:

> Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. . . .  Once the court determines that a judgment by default should be entered, it will determine the amount and character of the recovery that should be awarded.

10A Wright, Miller & Kane, supra.  A default judgment "must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." Ruplinger v. Rains, 946 F.2d 731, 732 (10th Cir. 1991).

Jurisdiction exists under 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1692k(d) of the Fair Debt Collection Practices Act ("FDCPA").  Service was perfected against the defendant on December 5, 2011.  The defendant has failed to answer or otherwise defend within the time allowed.  The Clerk of the Court properly entered default against the defendant on January 12, 2012.

The defendant is not an infant, incompetent person, officer or agency of the United States or the State of Colorado, or in the military service.

The unrebutted allegations of the Complaint establish that the defendant is a debt

collector as that term in defined by 15 U.S.C. § 1692a(6) and that it engaged in unfair debt collection practices in its attempts to collect a debt from the plaintiff.  Pursuant to the FDCPA, the plaintiff is entitled to statutory damages in an amount up to $1,000.00, 15 U.S.C. §1692k(a)(2)(A), and reasonable attorneys fees and costs.  15 U.S.C. § 1692k(a)(3).  Statutory damages should enter in favor of the plaintiff and against the defendant in the amount of $1,000.00.

Rule 54(d), Fed. R. Civ. P., provides that costs, other than attorneys fees, should be awarded to a prevailing party, and 28 U.S.C. § 1920 provides that such an award is to be made upon the filing of a bill of costs.  Accord D.C.COLO.LCivR 45.1.  The plaintiff should be awarded his costs upon the filing of a proper bill of costs.

Section 1692k(a)(3), 15 U.S.C., provides that a successful plaintiff in an action to enforce the FDCPA is entitled to an award of his reasonable attorneys fees "as determined by the court." The Motion for Default Judgment seeks an award of attorneys fees and includes a detailed description of the services rendered, the amount of time expended, the hourly rate, the total amount claimed, and Ms. Gookins' qualifications and experience, all as required by D.C.COLO.LCivR 54.3.

In calculating a reasonable attorneys fee, I apply the lodestar principles stated in Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998).  "The lodestar calculation is the product of the number of attorney hours reasonably expended and a reasonable hourly rate." Id. (internal quotations and citation omitted).  I find that the number of hours reasonably expended to achieve the default judgment recommended here was 7.5.  Ms. Gookin claims an

3

hourly rate of $325.00, which is reasonable.[1]   Multiplying the hours times the rate results in the following:

7.5 x $325.00 = $2,437.50.  I find that attorneys fees of $2,437.50 are reasonable and should be awarded in this case.

I respectfully RECOMMEND:

(1)    The Motion for Default Judgment [Doc. # 13] be GRANTED;

(2)    Judgment enter in favor of the plaintiff and against the defendant in the following amount:

| | |
|---|---|
| Statutory damages | $1,000.00 |
| Attorneys fees | $2,437.50 |
| TOTAL | $3,437.50; |

(3)    The plaintiff be awarded his costs upon the filing of a bill of costs.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.   A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for

---

[1]Pursuant to Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc., 295 F.3d 1065, 1079 (10th Cir. 2002), I may use my own knowledge of the prevailing market rate to determine whether the claimed rate is reasonable.

appellate review.  <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir.

1996).

Dated February 14, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge